# WILLIAM H. BLOOMINGDALE, RESPONDENT, *v.* FREDERICK J. BARNARD, APPELLANT.

*Junior mortgagee — right to subrogation — to assignment — to injunction.*

Where a party holds a third mortgage, the two prior ones being held by another, who has obtained judgment of foreclosure and sale on them, he cannot, as such, claim to be subrogated to the first, nor is he entitled to a stay of the sale by injunction. If he had any ground to equitable relief, he should have set it up on the foreclosure. As mere third mortgagee his rights as such are protected by the opportunity to purchase at the sale or pay up beforehand.

Where a party holds a second mortgage, and his equity of redemption has been cut off by the foreclosure of the first, he may sometimes have the right of subrogation, or even be entitled to an assignment, but it will depend on circumstances showing its equity, and he will not be entitled to a stay of the sale by injunction, without clearly showing that the payment of the first or its foreclosure or sale will work him injustice.*

A party in possession under an agreement with the mortgagor to pay off such incumbrances, as it may be necessary to pay to protect the title, in consideration that he is to receive the profits of the land for a certain time, does not occupy the position of a surety, nor is he entitled to an injunction to stay the sales on the mortgages foreclosed, to which actions both he and the mortgagor were parties.

APPEAL from an order made at Special Term granting a temporary injunction.

This is an appeal from an order restraining the defendant from proceeding with a sale on two judgments of foreclosure.

The facts were that, in 1861, Orson Richards mortgaged for $2,000 a piece of land called, for convenience, on this motion, number one. In 1875, the assignee of that mortgage foreclosed it and perfected judgment, making the plaintiff, with others, a party defendant.

In 1872, Orson Richards and another gave a note for $1,000 for the purchase-price of a piece of land called number two. In 1875, the payee commenced an action to enforce the lien of this note on that land, making the plaintiff, with others, a party defendant, and judgment was had for the sale of the land.

These two judgments were assigned to the defendant, and the plaintiff seeks to restrain the sale under the same.

Premises number one are the principal piling grounds of a saw-mill. Premises number two are used for a railroad track from the mill to number one, and these circumstances give an enhanced value to these pieces of land.

In 1866, Orson Richards executed a mortgage to the defendant to secure $100,000, on which is due and unpaid $53,000. This mortgage covers number one, together with other property. It is in process of foreclosure, and the property is largely insufficient to pay the amount. The plaintiff and the trustees of Samuel W. Barnard are parties to the foreclosure, and a motion therein is pending to restrain the plaintiff from committing waste.

* See *Dings* v. *Parshall*, post, p. 522. — [REP.

In 1874, Orson Richards executed to the plaintiff a mortgage to secure more than $50,000, which is unpaid. This mortgage covers number one and number two. It is not averred to cover any thing more.

On the 1st of May, 1875, after the two judgments of foreclosure aforesaid, the plaintiff entered into an agreement with Orson Richards, and with certain trustees of the estate of Samuel W. Barnard, by which he agreed to pay such portions of the incumbrance on number one, and number two, as might be necessary to protect the title and he was to have the use of the real estate for three years and seven months, and to apply the profits to the liquidation of his claims, and meantime to insure the safety and title of real estate.

The plaintiff has tendered the defendant the principal, costs and charges on the judgments, and demanded an assignment thereof and of his claims, mortgage, note and judgments. The defendant is willing to receive payment and to discharge the claims, and says that he purchased these judgments to protect his own interests.

There are no liens on number one, subsequent to the $2,000 mortgage and prior to defendant's mortgage. The owner of that mortgage held, as collateral thereto, notes of the defendant and of Samuel W. Barnard.

*U. G. Paris,* for the appellant.

*Isaac Lawson,* for the respondent.

LEARNED, P. J.:

The plaintiff appears to rest his right to the injunction on two propositions: one that he is a subsequent incumbrancer; the other that he has the use of the real estate for a certain time, and has agreed to apply the profits to the liquidation of his claims and to pay portions of the incumbrance.

First, then, as subsequent incumbrancer; and in that view, as to piece number one. The defendant holds a judgment of foreclosure and sale for $2,000, to which the plaintiff was a party; the defendant holds the next lien, a mortgage which is unpaid, $53,000. The plaintiff holds the third mortgage, given to him before the foreclosure was commenced, and in respect to which undoubtedly he

was made a party to the foreclosure. The equity of redemption was cut off by the foreclosure. If he had any defense or ground of equitable relief he should have set it up in that action. As a mere third mortgagee there is no reason why he should stay the sale. The same person holds the first and second mortgages. The holder of the third mortgage clearly cannot as such claim to be subrogated to the first. If he could, then, after he asserted that claim the holder of the second mortgage could claim the same right and could be subrogated back again. As mere third mortgagee, especially after a judgment of foreclosure to which he was a party, his rights are protected by the opportunity to purchase at the sale or to pay up beforehand.

Next, as to piece number two. Here the plaintiff holds the second incumbrance. But in this case also his equity of redemption has been cut off by the foreclosure and judgment. We have then the case simply of a second mortgagee, who has been made a party to the foreclosure of the first mortgage and against whom, with the other defendants, a judgment of foreclosure and sale has been perfected. Such a mortgagee claims to be subrogated, and for that purpose seeks to stay the sale. There is no doubt of his right to redeem. (*Jenkins* v. *Cont. Ins. Co.*, 12 How., 66.) Assuming even that he may sometimes have the right of subrogation, and even of an assignment, as necessary thereto (see *Ellsworth* v. *Lockwood*, 42 N. Y., 89), this right must depend on circumstances showing its equity. (*Jenkins* v. *Cont. Ins. Co.*) Now in this case the plaintiff, as second mortgagee, does not show that the payment of the first mortgage by him, or the foreclosure or the sale will work him any injustice. If the first and second mortgages did not cover the value of the property, and there were a third mortgagee who would receive the benefit of a discharge of the first mortgage, some equity would be shown. But nothing of that kind appears. And from the fact that the $1,000 note was the purchase-price of this number two, it seems improbable that there can be any value remaining beyond the second mortgage. Furthermore it is shown by the defendant's affidavit that number two is especially valuable in connection with number one. There should, therefore, be some strong reason shown for depriving the defendant of his present judgment of sale against both.

Secondly. The plaintiff claims as a party in possession who has agreed to pay the incumbrances, or some part of them. There is nothing in the papers which shows that Wilkinson & Peters, trustees of Samuel W. Barnard, had any right or interest whatever in the matter or that they ever had any estate in the premises. The only facts then, material to this motion are, that after the judgments of foreclosure the plaintiff, by agreement with the mortgagor, was to pay such portions of the incumbrances as were necessary to protect the title, and he was to have the use of the land for three years and seven months, and to apply the profits to the liquidation of his claims. If the mortgagor, after his equity of redemption had been foreclosed, could make any valid agreement of this kind, still this difficulty appears, that so far as can be judged from the papers, the plaintiff did not stand in the position of a surety. He was to receive the profits for a certain space of time, and, as it would seem, he was for that consideration actually to pay off such incumbrances as it might be necessary to pay, in order to protect the title. He is not a tenant, paying rent, but he appears to be one who has purchased a term of years for the consideration of paying off certain incumbrances. That is, he agreed with the mortgagor to pay off these incumbrances, in consideration that he might have the use and profits for a certain time. If he should only take an assignment of the mortgages he would have paid the mortgagor nothing for the term leased to him. The only ground of *Averill* v. *Taylor* (8 N. Y., 44) is, that the mortgagor and lessor was bound to protect his lessee against the mortgage. Here the lessee has assumed to pay the mortgage instead of leaving that duty to rest on the mortgagor. Indeed, the very circumstance that this agreement (or lease) was made after a foreclosure, and by persons parties thereto, indicates that the mortgagor did not thereby assume to protect the lessee; but rather the lessee, the mortgagor.

To these considerations must be added those which have been already stated, touching the rights of the defendant as intermediate mortgagee of number one, and touching the value of number two, in connection with number one.

And it may be said generally, that a very strong case should be made to induce the court to stay proceedings after a foreclosure and sale, in behalf of a person who was himself a party to that

foreclosure; especially when such stay is asked upon transactions which have taken place between parties defendant to that foreclosure, since the judgment therein was granted.

Under all the circumstances of this case I think that the order appealed from should be reversed, with costs, and the motion for an injunction denied with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order reversed with ten dollars costs, and printing, and motion denied with ten dollars costs. Order to be entered as of January Term.